IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY RENARDO JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:03CV936-MHT |
| ) | |
| WARDEN STEPHEN BULLARD, *et al* , ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 28 U.S.C. § 2254 action, Jackson raises a host of claims challenging a conviction for first degree robbery entered against him by the Circuit Court of Montgomery County, Alabama on November 30, 2001. The trial court sentenced Jackson as a habitual felony offender to life imprisonment for this conviction. His conviction was affirmed by the Alabama Court of Criminal Appeals which issued its certificate of judgment on October 1, 2002. Jackson did not file a petition for certiorari with the Alabama Supreme Court.

Jackson did seek post-conviction relief under ALA.R.CRIM.P. 32, but relief was denied. The Alabama Court of Criminal Appeals affirmed. Jackson again did not file a petition for certiorari seeking review of that decision. This case was filed on September 10, 2003. Pursuant to Rules 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*, the court concludes that the petition for habeas corpus relief is due to be denied. Jackson has failed to meet his burden of establishing the need for an evidentiary hearing. *See Birt v. Montgomery*, 725 F.2d 587 (11th Cir. 1984).

On the record before the court it is undisputed that Jackson did not present any of the grounds for relief in this case to the Alabama Supreme Court. A petitioner who fails to raise claims in a petition for certiorari in the Alabama Supreme Court has defaulted those claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Smith v. Jones*, 256 F.3d 1135 (11th Cir. 2001). Consequently, all of Jackson's claims in this case are defaulted. Jackson was afforded an opportunity to show cause and prejudice for his default. (doc. # 8).

In response, Jackson argues that his petition should be considered in light of *Dixon v. Dormire*, 263 F.3d 774 (8th Cir. 2001) and *Coleman v. Kemna*, 263 F.3d 785 (8th Cir. 2001). These cases are inapposite. In those cases, the Eighth Circuit refused to find an *O'Sullivan* default because Missouri did not have a firmly established and regularly followed state practice of insisting on discretionary review exhaustion and had "lulled" prisoners into believing that seeking discretionary review was required. Whatever the merits of those cases, it is firmly established that in Alabama, the *O'Sullivan* rule pertains. *See Smith v. Jones, supra*, at 1141-1146 (discussing fairness of applying *O'Sullivan* and rejecting unfairness argument).

Jackson also argues that he is actually innocent of the crimes for which he was convicted. In a supplemental pleading, Jackson explains that (1) he did not rob the alleged victim but only went into the residence to see what was wrong and (2) he did not take any money from the residence. In further support of this contention, Jackson again states the substantive claims he raised in his petition, arguing that failure to reach these claims would

result in a miscarriage of justice denying him fundamental fairness.

The miscarriage of justice standard is directly linked to innocence. *Id*. at 864. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id*. at 861. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). *See also Schlup v. Delo*, 513 U.S. 298 (1995). To meet this standard

> a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.

513 U.S. at 327.

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.

*Id*. at 324.[1]

---

[1] *Schlup v. Delo*, 513 U.S. 298 (1995), requires a habeas court to make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U. Chi. L. Rev. 142, 160 (1970). "The Carrier standard reflects the proposition, firmly established in our legal system, that the line between innocence and guilt is drawn with reference to a reasonable doubt." *Schlup*, 513 U.S. at 867.

Jackson has failed to meet this standard. He has not presented any evidence, much less new evidence, supporting his claim of actual innocence. Rather, he has merely argued that the facts adduced at trial show he is innocent. That argument is insufficient.

As a final contention asserted to save his claims, Jackson argues that his default should be excused because his counsel was ineffective for failing to file a petition for certiorari with the Alabama Supreme Court. Of course, ineffective assistance of counsel will excuse a default. However, it has long been the law that this type of ineffective assistance of counsel claim itself must be presented to the state courts first. In *Hill v. Jones,* 81 F.3d 1015 (11th Cir. 1996), the court concluded that under *Murray v. Carrier*, 477 U.S. 478 (1986), a claim of ineffective assistance of counsel may be asserted as cause *only* if the claim is both exhausted and not defaulted in state court. Jackson has not shown cause and prejudice for his failure to present this claim to the state courts; therefore, it does not excuse his default.

Jackson's claims are defaulted for his failure to present those claims to the Alabama Supreme Court. Jackson has failed to demonstrate cause and prejudice for this failure and has failed to meet his burden to demonstrate that failure to address his claims would result in a miscarriage of justice. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 be denied. It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation **on or before May 5, 2006**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of April, 2006.

        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE